UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

CHARLES WILLIAMS,

               Plaintiff,

     v.

TGR FINANCIAL, INC., ADAM D.
COMPTON, DULCE V. DUDLEY,
ROBERT M. FEERICK, J. MICHAEL
GIBBONS, JOHN J. GUINEE, MICHAEL J.
KERSCHNER, BRADFORD B. KOPP,
JAMES S. LINDSAY, EDWARD J. MACE,
DONALD W. MAJOR, GARRETT S.
RICHTER, GARY L. TICE, and ROBERT T.
ZELLERS,

               Defendants.

---------------------------------------------------------------

Case No. _____

**COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS**

JURY TRIAL DEMANDED

Plaintiff Charles Williams ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action against TGR Financial, Inc. ("TGR" or the "Company") and its corporate directors for violating  Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9.  By the action, Plaintiff seeks to  enjoin the vote on a proposed transaction pursuant to which  First Foundation Inc. ("First Foundation")

will acquire the Company (the "Proposed Transaction").[1]

2.      On June 3, 2021, TGR and First jointly announced their entry into an Agreement and Plan of Merger and Reorganization dated June 2, 2021 (the "Merger Agreement").  The Merger Agreement provides that TGR stockholders will receive 0.6068 shares of First Foundation common stock for each TGR share they own (the "Merger Consideration").[2]

3.      On August 5, 2021, First Foundation filed a Form 424B3 Prospectus (the "Prospectus") with the SEC.  The Prospectus, which recommends that TGR stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  The failure to adequately disclose such material information violates Sections 14(a) and 20(a) of the Exchange Act as TGR stockholders need such information in order to make a fully informed decision whether to vote in favor of the Proposed Transaction or take other actions with respect to the Proposed Transaction.

4.      It is imperative that the material information omitted from the Prospectus is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated.

---

[1] Non-party First Foundation is a Delaware corporation, with its principal executive offices located at 200 Crescent Court, Suite 1400, Dallas, Texas 75201.  First Foundation's common stock trades on the Nasdaq Global Market under the ticker symbol "FFWM."

[2] The approximate value of the Proposed Transaction is $295 million.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.     This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  Moreover, TGR's common stock trades on the OTCQX Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9.     Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of TGR.

10.     Defendant TGR is a Florida corporation, with its principal executive offices located at 3560 Kraft Road, Naples, Florida 34105.  TGR is the parent company for First Florida Integrity Bank (the "Bank").  TGR's shares trade on the OTCQX Market under the ticker symbol "TGRF."

11.     Defendant Adam D. Compton ("Compton") has been a director of the Company since 2012.

12.     Defendant Dulce V. Dudley ("Dudley") has been a director of the Company since May 2016.

13.     Defendant Robert M. Feerick ("Feerick") has been a director of the Company since

2012.

14.     Defendant J. Michael Gibbons ("Gibbons") has been a director of the Company since October 2014.

15.     Defendant John J. Guinee ("Guinee") has been a director of the Company since 2012.

16.     Defendant Michael J. Kerschner ("Kerschner") has been a director of the Company since 2012.

17.     Defendant Bradford B. Kopp ("Kopp") has been a director of the Company since January 2014.

18.     Defendant James S. Lindsay ("Lindsay") has been a director of the Company since 2012.

19.     Defendant Edward J. Mace ("Mace") has been a director of the Company since 2012.

20.     Defendant Donald W. Major ("Major") has been a director of the Company since August 2014.

21.     Defendant Garrett S. Richter ("Richter") is President and Chief Executive Officer ("CEO") of the Bank, President of the Company, and has been a director of the Company at all relevant times.

22.     Defendant Gary L. Tice ("Tice") has been Chairman of the Board, CEO, and a director of the Company since 2012.

23.     Defendant Robert T. Zellers ("Zellers") has been a director of the Company since May 2014.

24.     Defendants identified in paragraphs 10-23 are referred to herein as the "Board" or the "Individual Defendants."

## **SUBSTANTIVE ALLEGATIONS**

**The Proposed Transaction**

25.     On June 3, 2021, TGR and First Foundation jointly announced in relevant part:

DALLAS & NAPLES, Fla.--First Foundation Inc. (NASDAQ: FFWM) ("First Foundation"), a financial services company with two wholly-owned operating subsidiaries, First Foundation Advisors and First Foundation Bank, and TGR Financial, Inc. (OTCQX: TGRF), today jointly announced the execution of a definitive agreement under which TGR Financial will merge into First Foundation in an all-stock transaction valued at approximately $295 million, or $15.23 per TGR Financial share, based on the closing price of First Foundation's common stock on May 28, 2021.

TGR Financial Inc. ("TGRF") is the holding company of First Florida Integrity Bank, a Florida state-chartered bank with $2.3 billion in total assets as of March 31, 2021 and seven branch offices located in Southwest Florida.  Immediately following the merger of TGR Financial with and into First Foundation, First Florida Integrity Bank will merge with and into First Foundation Bank.  The transaction will increase First Foundation's total bank assets to approximate $9.4 billion on a pro forma basis as of March 31, 2021.

"This strategic acquisition provides First Foundation an excellent opportunity to expand into a highly desirable market," said Scott F. Kavanaugh, CEO of First Foundation.  "First Florida Integrity Bank has built a valuable banking franchise and we are committed to continuing its legacy by serving the needs of all its clients and enhancing its offering with our broad platform of services, as well as supporting programs available to local nonprofits in the bank's local communities.  This acquisition highlights our desire to continue growing our business in markets with attractive demographic and economic trends and we are excited to have a regional presence spanning from coast to coast."

Gary L. Tice, Chairman and CEO of TGR Financial added, "We are pleased that we have aligned with an organization that will expand resources to our clients, offering First Foundation's integrated banking and wealth management services through our local team.  Because of its financial strength, profitable history, and with much of its growth still before it, First Foundation makes for an ideal partner for our clients, employees, and shareholders."

Under the terms of the definitive agreement, upon consummation of the transaction, each TGR Financial shareholder will receive 0.6068 of a share of First Foundation common stock for each share of TGR Financial common stock or TGR Financial Series A non-voting convertible preferred stock.   In total, TGR Financial shareholders will own approximately 20.2% of the outstanding shares of First Foundation's common stock immediately following the consummation of the transaction.

The definitive agreement was unanimously approved by the Board of Directors of each company. The transaction is expected to close in the second half of 2021 and is subject to the satisfaction of customary closing conditions, including the receipt of regulatory approvals and approvals from First Foundation stockholders, and TGR Financial shareholders. Upon closing of the transaction, TGR Financial's Chairman and CEO, Gary L. Tice, will join the First Foundation board of directors. TGR Financial's directors and executive officers and certain shareholders have entered into agreements with First Foundation pursuant to which they committed to vote their shares, which represent approximately 46.1% of TGR Financial's issued and outstanding common stock, in favor of the acquisition.

This will become the sixth acquisition for First Foundation, which acquired Premier Business Bank in Los Angeles on December 19, 2017, Community 1st Bank in the Greater Sacramento area on November 10, 2017, two branches in Seal Beach and Laguna Hills from Pacific Western Bank on December 12, 2016; Pacific Rim Bank in Honolulu on June 16, 2015, and Desert Commercial Bank in Palm Desert on August 15, 2012.

## The Prospectus Contains Material Misstatements and Omissions

26. The defendants filed a materially incomplete and misleading Prospectus with the SEC and disseminated it to TGR's stockholders. The Prospectus misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction or seek appraisal.

27. Specifically, as set forth below, the Prospectus fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) TGR's and First Foundation's financial projections, which are wholly omitted, and the data and inputs underlying the financial analyses performed by the Company's financial advisor, Truist Securities, Inc. ("Truist"); (b) Truist's potential conflicts of interest; and (c) the background of the Proposed Transaction.

### *Material Omissions Concerning TGR's and First Foundation's Financial Projections and Truist's Financial Analyses*

28. The Prospectus fails to disclose any of the financial projections for TGR and First Foundation utilized and relied upon by Truist and the Board in connection with the approval of the Proposed Transaction. *See* Prospectus at 83.

29.     The Prospectus describes Truist's fairness opinion and the various valuation analyses performed in support of its opinion.   That description, however, omits material information concerning Truist's financial analyses, including key inputs and assumptions underlying these analyses.   The absence of this information precludes TGR's public stockholders from fully understanding Truist's work.   As a result, Company stockholders further are precluded from determining how to value Truist's fairness opinion in determining whether to vote in favor of the Proposed Transaction or otherwise act.

30.     With respect to Truist's *Selected Transactions Analysis* and *Selected Companies Analysis* of TGR, the Prospectus fails to disclose: (a) the individual multiples and financial metrics for each transaction or company observed in the respective analyses; (b) TGR's earnings per share for the last twelve months ended March 31, 2021; and (c) TGR's March 31, 2021 total book value per share.

31.     With respect to Truist's *Dividend Discount Analysis*, the Prospectus fails to disclose: (a) the projected dividends to be paid by TGR during the period of the TGR projections, utilized by Truist in the analysis; (b) TGR's 2026 earnings per share, utilized to derive the terminal value; (c) quantification of the terminal values for TGR; and (d) quantification of the inputs and assumptions underlying the discount rates ranging from 10.0% to 12.0%.

32.     With respect to Truist's *Selected Companies Analysis* of First Foundation, the Prospectus fails to disclose: (a) the individual multiples and financial metrics for each company observed in the analysis; (b) First Foundation's earnings per share for the last twelve months ended March 31, 2021; and (c) First Foundation's March 31, 2021 total book value per share.

33.     The omission of this information renders the statements in the "Opinion of TGR Financial's Financial Advisor" section of the Prospectus false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Truist's Potential Conflicts of Interest***

34.     The Prospectus fails to disclose material information concerning potential conflicts of interest affecting Truist including: (a) how much compensation Truist received for the services provided to TGR in the prior two years; and (b) whether Truist has performed past services for First Foundation or its affiliates, and if so, the timing and nature of the services and the amount of compensation received by Truist for providing such services.

35.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

36.     The omission of this information renders the statements in the "Opinion of TGR Financial's Financial Advisor" section of the Prospectus false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning the Background of the Proposed Transaction***

37.     The Prospectus omits material information regarding the background process leading to the Proposed Transaction.

38.     For example, the Prospectus fails to disclose whether the non-disclosure agreements the Company entered into with parties identified in the Prospectus as "Party A" and "Party C" (*id.* at 58, 60), or any other parties involved in the sale process, include "don't-ask, don't-waive" ("DADW") standstill provisions that are still in effect and presently precluding any interested parties from submitting a topping bid for the Company.

39.     The failure to disclose the existence of DADW provisions creates the false impression that a potential bidder who entered into a non-disclosure agreement could make a superior proposal for the Company.  If the potential acquirer's non-disclosure agreement contains a DADW provision, then that potential bidder can only make a superior proposal by (a) breaching the

confidentiality agreement—since in order to make the superior proposal, it would have to ask for a waiver, either directly or indirectly; or by (b) being released from the agreement, which if action has been done, is omitted from the Prospectus.

40.     Any reasonable TGR stockholder would deem the fact that a likely topping bidder for the Company may be precluded from making a topping bid for the Company to significantly alter the total mix of information.

41.     The Prospectus also fails to disclose the terms of all offers and letters of intent received by the Company during the process leading up to the Proposed Transaction.

42.     The omission of this material information renders the statements in the "Background of the Merger" section of the Prospectus false and/or materially misleading in contravention of the Exchange Act.

43.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Prospectus.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of TGR will be unable to make a sufficiently informed voting decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

44.     Plaintiff repeats all previous allegations as if set forth in full.

45.     During the relevant period, defendants disseminated the false and misleading Prospectus specified above, which failed to disclose material facts necessary to make the

statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

46.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Prospectus.  The Prospectus was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about TGR's and First Foundation's financial projections, Truist's financial analyses, Truist's potential conflicts of interest, and the background of the Proposed Transaction.  The defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

47.     The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

48.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

49.     Because of the false and misleading statements in the Prospectus, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

50.     Plaintiff repeats all previous allegations as if set forth in full.

51.     The Individual Defendants acted as controlling persons of TGR within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of TGR, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus filed with the SEC, they had

the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

52.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Prospectus and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

53.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.   The Prospectus at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.   They were, thus, directly involved in the making of the Prospectus.

54.    In addition, as the Prospectus sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.   The Prospectus purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

55.    By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

56.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.   By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.   As a direct and proximate result of defendants' conduct, TGR stockholders will be irreparably

harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of TGR, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to TGR stockholders;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  August 31, 2021                                    **WEISSLAW LLP**

By _____
Richard A. Acocelli
1500 Broadway, 16th Floor
New York, New York 10036
Tel: (212) 682-3025
Fax: (212) 682-3010
Email: racocelli@weisslawllp.com

*Attorneys for Plaintiff*

OF COUNSEL:

**LONG LAW, LLC**
Brian D. Long
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Tel.: (302) 729-9100
Email: bdlong@longlawde.com